UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES                                                                Date: April 7, 2022

Title: GAMAL SOLOMAN v. ALEX VILLANUEVA, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **Order to Show Cause Why Defendants Jeff Prang, Richard Ivester, Amy Ivester, Ivester & Associates, Washington Mutual, and Chase Bank Should Not Be Dismissed.**

On January 18, 2022, Plaintiff filed the operative First Amended Complaint, discharging a prior Order to Show Cause why the case should not be dismissed for failure to serve Defendants with the Complaint and file proofs of service. (Dkt. 12, "FAC"; see Dkt. 10, OSC re Service; Dkt. 13 Order Discharging OSC re Service.)

In its Order discharging the OSC re Service, the Court ordered Plaintiff to serve the FAC by February 18, 2022, and file proofs of service by February 25, 2022. (Dkt. 13.) On February 22, 2022, Defendants Jan Caplan, Joyce Caplan, Jeannie Cross, Chris Mistros, Julie Mistros, Lenny Ross, Ashley Soloman, Lilah Soloman filed their answer to the FAC. (Dkt. 19.) On February 28, 2022, Plaintiff filed proofs of service as to some of the Defendants that had not yet answered the FAC, i.e., Defendants Donald Steele (Dkt. 22), Ellen Model (Dkt. 23), Berkshire Hathaway Home Services California Properties (Dkt. 24), and Alex Villanueva (Dkt. 25).

By February 25, 2022, Plaintiff did not file proofs of service as to Defendants Jeff Prang, Richard Ivester, Amy Ivester, Ivester & Associates, Washington Mutual, and Chase Bank, nor did these Defendants appear in this action.

However, on March 4, 2022, Plaintiff filed a "Response to Void an Illegal Order," in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES											Date: April 7, 2022
											Page 2

which he stated, inter alia, that he "is willing to dismiss" Defendants Richard Ivester, Amy Ivester, and Ivester & Associates. (Dkt. 37.) As of the date of this Order, Plaintiff has not formally dismissed these Defendants.

Plaintiff also represented that Defendants Jeff Prang, Washington Mutual, and Chase Bank "have been duly served with process" and submitted exhibits purporting to be proofs of service. (Id.) The proofs of service indicate that process server "Daniel D." effectuated service on: (1) Defendant Prang on March 1, 2022, to an "African-American Female Adult" at Room 277, 500 W. Temple Street in Los Angeles at 12:36 a.m.; and (2) Defendants Washington Mutual and Chase Bank on March 4, 2022, to an "adult male assistant identity unknown" at 4676 Admiralty Way, Suite 100, in Marina Del Rey at 11:37 a.m. (Id.) Accordingly, Defendant Prang had until March 22, 2022, to respond to the FAC, and Washington Mutual and Chase Bank each had until March 25, 2022. See Fed. R. Civ. P. 12. However, Defendants Prang, Washington Mutual, and Chase Bank did not respond to the FAC by their respective deadlines. See Fed. R. Civ. P. 55.

Pursuant to Rule 55, when a properly-served defendant[1] fails to respond to a complaint, the clerk must enter default. Fed. R. Civ. P. 55(a). The first step in this process, however, is for Plaintiff to submit a formal request for the clerk to enter the defendant's default. It is Plaintiff's responsibility to prosecute the action diligently, including, if necessary, pursuing Rule 55 remedies promptly. However, as of the date of this Order, Plaintiff has not sought entry of default against Defendants Prang, Washington Mutual, or Chase Bank.

Therefore, **IT IS HEREBY ORDERED** that:

1. **On or before April 22, 2022**, Plaintiff must show cause why Defendants Prang, Washington Mutual, and Chase Bank should not be dismissed for failure to prosecute. Plaintiff can discharge this OSC by doing the following:

   a. If Plaintiff believes that the previously filed proofs of service show lawful service of process on Defendants Prang, Washington Mutual, and/or Chase Bank,

---

[1] Before a default will be entered, the clerk must be satisfied from the request that, among other things, the defendant has been served with summons and complaint (or has agreed to waive service). See Fed. R. Civ. P. 55(b)(1). For example, if the proof of service lacks required information by failing to indicate the name and title of the person who accepted service on behalf of the defendant, the clerk may reject the application for entry of default. See Bratton v. U.S. Bank Nat'l Ass'n, No. CV 09-2049 PSG (SSX), 2009 WL 10675941, at *2 (C.D. Cal. July 28, 2009). The same is true for a motion for default judgment. See, e.g., Sw. Reg'l Council of Carpenters v. TEC Installations, Inc., No. EDCV1701621JGBKKX, 2018 WL 2024772, at *2 (C.D. Cal. Mar. 22, 2018) ("Courts must determine the adequacy of service of process on a motion for default judgment").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES						Date: April 7, 2022
										Page 3

then he must apply for entry of default against that Defendant pursuant to the Federal Rules of Civil Procedure and the Local Rules;

b.	If Plaintiff believes that proof of service on some or all of these Defendants is insufficient and will preclude entry of default, then he must explain what steps he is taking to re-serve that Defendant diligently; and/or

c.	If Plaintiff no longer wishes to pursue his claims against some or all of these Defendants, then he must file a Form CV-09 Notice of Dismissal as to that Defendant.

**IT IS FURTHER ORDERED** that:

2.	**On or before April 22, 2022**, Plaintiff must show cause why Defendants Richard Ivester, Amy Ivester, and Ivester & Associates should not be dismissed for failure to prosecute. Plaintiff can discharge this OSC by doing the following:

a.	If Plaintiff no longer wishes to pursue his claims against some or all of these Defendants, then he must file a Form CV-09 Notice of Dismissal as to that Defendant; and/or

b.	If Plaintiff no longer is willing to dismiss any of these Defendants, then he must explain what steps he is taking to serve that Defendant diligently.

**If Plaintiff fails to respond to this Order to Show Cause, the Court may dismiss Defendants Jeff Prang, Richard Ivester, Amy Ivester, and Ivester & Associates Washington Mutual, and/or Chase Bank for lack of prosecution and/or failure to follow the Court's orders.**

									Initials of Deputy Clerk JD