UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES                                      Date: June 7, 2022

Title: GAMAL SOLOMAN v. ALEX VILLANUEVA, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order to Show Cause Why Defendant Jeff Prang Should Not Be Dismissed for Lack of Jurisdiction.**

In the operative First Amended Complaint (Dkt. 12 ["FAC"]), Plaintiff Gamal Soloman ("Plaintiff") alleges two causes of action against Los Angeles County Assessor Jeff Prang for (1) violations of 42 U.S.C. § 1983 and (2) declaratory relief. (FAC ¶¶ 44-54.) In his § 1983 claim, Plaintiff alleges that Defendant Prang violated his "constitutional rights," referring to his rights under the Due Process Clause, Equal Protection Clause, and Privileges and Immunities Clause, by assessing "inflated, uncalled for, and illegal property taxes" on real property owned, in part, by Plaintiff. (Id. ¶¶ 45, 48-49.) He seeks a "reduced assessment" and reimbursement for allegedly over-paid taxes (id. ¶ 45), as well as monetary damages for the "physical and mental pain and anguish" caused to him by these taxes (id. ¶ 47) and punitive damages based on Defendant Prang's "malice, fraud, and oppression" (id. ¶ 50). In his claim for declaratory relief, Plaintiff seeks a judicial determination and declaration of his right to "an adjustment" of the property's assessed value and "reimbursement" of property taxes previously paid. (Id. ¶¶ 51-54).

The Court has a "duty to establish subject matter jurisdiction over [an] action … whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996); See Fed. R. Civ. P. 12(h)(3). The Tax Injunction Act of 1937 ("TIA") prohibits federal courts from exercising jurisdiction over claims that seek to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES   Date: June 7, 2022
Page 2

remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA prohibits district courts from exercising jurisdiction over claims for declaratory and injunctive relief, claims for damages in the form of tax refunds, and any claims that may impose "even an indirect restraint on tax assessment." Jerron West, Inc. v. State of Cal., State Bd. of Equalization, 129 F.3d 1334, 1335-37 (9th Cir. 1997). Courts have held that California provides its taxpayers with "plain, speedy and efficient" remedies for property tax disputes as required to invoke the TIA.[1] Berry v. Alameda Bd. of Supervisors, 753 F. Supp. 1508, 1514 (N.D. Cal. 1990) (holding California law provides a "plain, speedy, and efficient remedy" for challenging property taxes).

Where federal question jurisdiction over a § 1983 action conflicts with the TIA, "the latter controls. Basing a complaint upon alleged violations of civil rights will not avoid the prohibitions of the [TIA]." Berry, 753 F. Supp. at 1511 (citations omitted). Thus, the TIA appears to deprive this Court of subject matter jurisdiction over Plaintiff's claims against Defendant Prang insofar as he seeks declaratory relief, injunctive relief, or damages in the form of tax refunds. See, e.g., Jerron West, 129 F.3d at 1337-38 (applying TIA to find district court lacked jurisdiction over injunctive relief claims in sales tax dispute); Marvin F. Poer & Co. v. Ctys. of Alameda, 725 F.2d 1234, 1236 (9th Cir. 1984) (same as to claims for tax refunds and damages in the amount of taxes paid); City of Burbank v. Nevada, 658 F.2d 708, 706 (9th Cir. 1981) (same as to declaratory relief claims in utility tax dispute).

To the extent that Plaintiff seeks compensatory or punitive monetary damages, it appears that this Court also lacks jurisdiction over those claims – not by direct application of the TIA, but by the principle of comity embodied in the TIA. See Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981) (affirming dismissal of taxpayers' § 1983 action to redress the allegedly unconstitutional administration of a state property tax system where plaintiffs sought actual and punitive damages). As explained in Fair Assessment, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." Id. at 116. While comity reflects some of the same concerns that prompted Congress to enact the TIA, it "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other

---

[1] In California, a taxpayer may petition the County's Assessment Appeals Board for review of a locally assessed property tax and any relevant federal claims. See Cal. Rev. & Tax Code §§ 1601-16. The taxpayer may appeal a negative decision to the County Board of Supervisors by initiating an action for a tax refund. Id. §§ 5096-5107. If relief is not obtained through these administrative procedures, the taxpayer may bring an action in state court to recover the tax, with attorneys' fees and costs available if the tax assessment was made in violation of the California Constitution or statutory provisions. Id. §§ 5140-49.5. Importantly, plaintiffs may raise tax-related § 1983 and constitutional claims in state court. See Martinez v. California, 444 U.S. 277, 283 n.7 (1980) (noting that state courts may entertain § 1983 claims); United States v. County of Fresno, 429 U.S. 452, 456 (1977) (involving plaintiffs who sued in California state courts for property tax refund based on the alleged unconstitutionality of the tax).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-07722-JLS-KES                                              Date: June 7, 2022
                                                                            Page 3

equitable relief." <u>Chippewa Trading Co. v. Cox</u>, 365 F.3d 538, 541 (6th Cir.), cert. denied, 543 U.S. 988 (2004).

      Therefore, **IT IS HEREBY ORDERED** that:

      1.    **On or before July 1, 2022**, Plaintiff is ordered to show cause why Defendant Prang should not be dismissed for lack of jurisdiction. Plaintiff can discharge this Order by doing one of the following:

      a.    If Plaintiff disagrees with the Court's above analysis, then he must explain why the TIA and/or <u>Fair Assessment</u> do not bar his claims in this Court;

      b.    If Plaintiff agrees that the Court lacks jurisdiction over his claims against Defendant Prang without prejudice to seeking state remedies, then he must file a voluntary notice of dismissal as to that Defendant Prang. A copy of Form CV-09 Notice of Dismissal is attached to this Order.

**<u>If Plaintiff fails to respond to this Order, the Court will likely dismiss Defendant Prang for lack of jurisdiction and/or failure to follow Court orders.</u>**

                                                                            Initials of Deputy Clerk <u>JD</u>